Matter of Esther L. v C.L. (2026 NY Slip Op 01601)

Matter of Esther L. v C.L.

2026 NY Slip Op 01601

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Docket No. F-4070/22|Appeal No. 6152|Case No. 2025-00387|

[*1]In the Matter of Esther L., Petitioner-Appellant,
vC.L., Respondent-Respondent.

Esther Lauber, appellant pro se.

Order, Family Court, New York County (Maria Arias, J.), entered on or about December 9, 2024, which denied petitioner mother's objections to the orders of the Support Magistrate (Hillary Reinharz, S.M.), entered on or about September 25, 2024, and on or about October 8, 2024, which, after a hearing, found that respondent father was not in willful violation of an order of child support and dismissed the petition, unanimously affirmed, without costs.
In a prior proceeding to enforce a child support order, Family Court determined that the father owed retroactive support in the principal amount of $23,691, and that the arrears would be paid through the Support Collection Unit (SCU) in a manner to be established by the SCU. Family Court also reduced the father's arrears to a money judgment in favor of the mother.
The mother contends that the father has continued to violate the ordered child support because the arrears have not been significantly repaid. However, as the mother concedes, the father has consistently paid through the SCU the required monthly child support, as ordered, as well as an additional sum per month toward reducing the money judgment. Accordingly, Family Court properly determined that the Support Magistrate, who was in the best position to assess the evidence presented and whose findings were entitled to great deference (see Matter of Anthony L. v Bernadette R., 193 AD3d 510, 511 [1st Dept 2021]), properly dismissed the violation petition. To the extent the mother seeks immediate repayment of the arrears, Family Court is not empowered to order such relief (see Family Court Act § 440[1][a]).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026